1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
  MARK G. RACKERS, Cal Bar No. 254242
3  ANNA JANE I. ZARNDT, Cal Bar No. 327719
  501 West Broadway, 18th Floor
4  San Diego, California 92101-3598
  Telephone: 619.338.6500
5  Facsimile: 619.234.3815
  Email:    mrackers@sheppard.com
6           azarndt@sheppard.com

7  LISA YUN PRUITT, Cal Bar No. 280812
  12275 El Camino Real, Suite 100
8  San Diego, California 92130-4092
  Telephone: 858.720.8900
9  Facsimile: 858.509-3691
  Email:    lpruitt@sheppard.com
10

  Attorneys for Defendant
11  RPM LIVING, LLC

12                UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ESCARENO and JUSTIN MANSOUR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RPM LIVING, LLC, a limited liability company, <br><br> Defendant. | Case No. 3:26-cv-00597-CAB-MMP <br><br> CLASS ACTION <br><br> **DEFENDANT RPM LIVING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT [Fed. R. Civ. P. 12(f)]** <br><br> Assigned to: Hon. Cathy Ann Bencivengo, Crtm. 15A (15th Floor) Rm. 1510 <br><br> Date: March 12, 2026 <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT <br><br> Complaint Filed: December 24, 2025 (Removed from San Diego Superior Court, Case No. 25CL068458C) |

SMRH:4900-9106-4713

Case No. 3:26-cv-00597-CAB-MMP

DEFENDANT RPM LIVING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARD ...................................................................................... 2

III. THE COURT SHOULD STRIKE PLAINTIFFS' IMMATERIAL ALLEGATIONS ................................................................................................ 3

    A. General "Consumer Harm" Allegations Are Immaterial And Irrelevant ................................................................................................ 3

    B. References To Laws That Are Not At Issue In The Complaint Are Immaterial And Irrelevant ............................................................. 4

    C. Random Opinions Are Immaterial And Irrelevant ................................ 5

IV. THE COURT SHOULD STRIKE PLAINTIFFS' PROPOSED CLASS DEFINITION ................................................................................................... 6

V. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN FOR LACK OF STANDING .......................................................................... 8

VI. CONCLUSION ................................................................................................ 9

SMRH:4900-9106-4713

-i-   Case No. 3:26-cv-00597-CAB-MMP

DEFENDANT RPM LIVING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

Cases

*In re Amazon Serv. Fee Litig.*
  705 F. Supp. 3d 1255 (W.D. Wash. 2023) .......................................................... 2, 6

*Barber v. Ohana Military Cmtys., LLC*
  2015 U.S. Dist. LEXIS 62274 (D. Haw. May 12, 2015) ...................................... 5

*Bradshaw v. Lowe's Companies, Inc.*
  2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) ....................................................... 8

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*
  638 F. Supp. 3d 1088 (N.D. Cal. 2022) ................................................................. 4

*Evans Hotels, LLC v. Unite Here! Loc. 30*
  2025 WL 2254068 (S.D. Cal. Aug. 7, 2025) ......................................................... 5

*Gen. Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) ................................................................................................ 6

*Hart v. Baca*
  204 F.R.D. 456 (C.D. Cal. 2001) ........................................................................... 2

*I.C. v. Zynga, Inc.*
  600 F. Supp. 3d 1034 (N.D. Cal. 2022) ................................................................. 8

*Kamm v. California City Development Co.*
  509 F.2d 205 (9th Cir. 1975) .................................................................................. 2

*Khamooshi v. Politico LLC*
  786 F. Supp. 3d 1174 (N.D. Cal. 2025) ................................................................. 8

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ................................................................................................ 8

*Lyons v. Bank of Am., N.A.*
  2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ...................................................... 6

*Mazur v. eBay Inc.*
  257 F.R.D. 563 (N.D. Cal. 2009) ........................................................................... 7

*O'Shea v. Littleton*
  414 U.S. 488 (1974) ................................................................................................... 9

*RDF Media Ltd. v. Fox Broad. Co.*
  372 F. Supp. 2d 556 (C.D. Cal. 2005) ........................................................................ 3

*Sanders v. Apple Inc.*
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................................ 6

*Seegert v. Rexall Sundown, Inc.*
  2017 WL 5973414 (S.D. Cal. Dec. 1, 2017) .............................................................. 6

*Spokeo v. Robins*
  578 U.S. 330 (2016) ................................................................................................... 8

*Suprock v. Quantum Energy, Inc.*
  676 F. Supp. 3d 891 (D. Nev. 2023) .......................................................................... 3

*Tietsworth v. Sears*
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................... 6

*Ting v. AT&T*
  319 F.3d 1126 (9th Cir. 2003) .................................................................................... 5

*TransUnion LLC v. Ramirez*
  594 U.S. 413 (2021) ................................................................................................... 8

*United States v. Gibson Wine Co.*
  2016 WL 1626988 (E.D. Cal. Apr. 25, 2016) ............................................................ 2

*In re Wal-Mart Stores, Inc.*
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ........................................................................ 2

*Warth v. Seldin*
  422 U.S. 490 (1975) ................................................................................................... 9

Statutes

Code Civ. Proc. § 436 ........................................................................................................ 4

Other Authorities

90 Fed. Reg. 2066 (FTC Jan. 10, 2025) ............................................................................. 4

Fed. R. Civ. P. 12(f) ..................................................................................................... 1, 2

Defendant RPM Living, LLC ("RPM") hereby submits this memorandum of points and authorities in support of its Motion to Strike Portions of the Complaint filed by Plaintiffs Joe Escareno and Justin Mansour ("Plaintiffs").

## I. INTRODUCTION

Plaintiffs are residents at a San Diego apartment community managed by RPM. In their Complaint, they allege that RPM failed to properly advertise rental amounts on its websites. As detailed in RPM's accompanying Motion to Dismiss, each of Plaintiffs' claims fails as a matter of law. [*See* Dckt. No. 3]. Plaintiffs' unnecessarily voluminous Complaint is also subject to a motion to strike as it is riddled with inadmissible and irrelevant allegations, footnotes, and citations.

First, the Complaint contains numerous allegations that have nothing to do with this case and are the type of redundant and immaterial matters subject to Fed. R. Civ. P. 12(f). As one example, Plaintiffs inexplicably include a screen shot from an advertisement for a fitness trainer. Compl. ¶ 17. The Complaint also contains thirty-eight footnotes with citations to various websites and articles and the history of "drip pricing" pertaining to other industries and in other countries. *See, e.*g., ¶ 19, fns. 13-15 [discussing "competition and markets" in the United Kingdom]. Because these allegations (¶¶ 1-5, 15-43) and footnotes (1-38) are outside of the issues presented in the case and have no bearing on Plaintiffs' ability to recover on their claims, they should be stricken from the Complaint.

Second, Plaintiffs' proposed class definition and class allegations should be stricken as well, for a myriad of reasons. At the outset, Plaintiffs' class definition is vague and overbroad, including: "[a]ll California residents who rented an apartment managed by RPM through RPM's website or after viewing listings on RPM's website at any time between the date four years before this complaint is filed and the date a class certification order is entered in this action." Compl. ¶ 73. Such a definition is overly broad. It is not at all clear how Plaintiffs can identify/ascertain who rented an apartment after "viewing listings" on RPM's website "at any time"

and the Complaint only discusses one website, for one property, that an anonymous "user" or "consumer" could review, and does not include any allegations about any other RPM-managed properties; yet Plaintiffs apparently want to extend the class to all RPM-managed communities. Compl. ¶¶ 72-82.

The remaining class allegations should also be stricken because the Plaintiffs lack standing.

For each of these reasons, the Court should grant RPM's motion to strike ("Motion").

## II.   LEGAL STANDARD

Fed. R. Civ. P. 12(f) authorizes courts "to strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to 'avoid the expenditure of time and money that … arises from litigating spurious issues by dispensing with those issues prior to trial.'" *United States v. Gibson Wine Co.*, 2016 WL 1626988, at *4 (E.D. Cal. Apr. 25, 2016) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (stating that a motion to strike under Fed. R. Civ. P. 12(f) is "well taken" when it "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action").

Federal courts are empowered to strike class definitions at the pleading stage. *See e.g.*, *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1271 (W.D. Wash. 2023) (striking nationwide class definition where plaintiff failed to make a *prima facie* showing that all members of the proposed class had a cognizable claim); *see also Kamm v. California City Development Co.*, 509 F.2d 205, 212-13 (9th Cir. 1975); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[Defendant] correctly cites *Kamm* … for the proposition that class allegations may be stricken at the pleading stage.").

## III. THE COURT SHOULD STRIKE PLAINTIFFS' IMMATERIAL ALLEGATIONS

Plaintiffs' Complaint is full of allegations that refer to laws relating to other industries, and sometimes in other countries, and speak of harm to "consumers" generally without any regard for the factual basis of Plaintiffs' own claims—i.e., those limited to how rental amounts were advertised on their property's website. Accordingly, all references to other advertisements and opinions on advertisements generally are not essential to the statement of a claim, nor are they pertinent to or supported by an otherwise sufficient claim or defense, and they should be stricken from the Complaint.

### A. General "Consumer Harm" Allegations Are Immaterial And Irrelevant

First, Plaintiffs' inclusion of background information on other laws, and involving other advertisements, should be stricken from the Complaint. (Compl. ¶¶ 1-5, 15-43, and footnotes 1-38.) The Complaint spends a significant amount of time on irrelevant material, including commentary from "an [unidentified] individual commenter" (Compl. ¶ 24) and citations to various websites and articles without any regard for the source or subject matter. It also refers to authority in the United Kingdom (*id*. at ¶ 18-20, 23, fns. 13-15, 17) and includes a screenshot from a personal training website that has nothing to do with residential leases. *Id*. at ¶ 17. These references have absolutely nothing to do with Plaintiffs or any alleged harm they suffered, or any of the facts that would otherwise give rise to their claims. As such, the Court should strike them from the Complaint. Fed. R. 12(f); *see Suprock v. Quantum Energy, Inc.*, 676 F. Supp. 3d 891, 897 (D. Nev. 2023) (striking reference to extortion" on behalf of company leaders as "not relevant to any of [the] elements" of the claim, and "also scandalous"); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 576 (C.D. Cal. 2005) (granting motion to strike exhibits that were "legally irrelevant").

### B. References To Laws That Are Not At Issue In The Complaint Are Immaterial And Irrelevant

Second, Plaintiffs' inclusion of opinions and commentary regarding laws or other rules that are not relevant to Plaintiffs' claims and defenses should be stricken from the Complaint. Compl. ¶¶ 37-43. This portion of the Complaint consists of commentary and references from sources that are either unidentified or not subject to judicial notice. It also references laws that are not at issue in Plaintiffs' Complaint.

For example, Plaintiffs reference an FTC enforcement action against a car dealership in New York. Compl. ¶41, fns. 32-36. A car dealership's advertising that arose in a completely different context is completely irrelevant to the veracity of Plaintiffs' own claims. This is especially improper because the FTC issued its rule on drip pricing last year that *omitted* rental housing. *See* Trade Regulation Rule on Unfair or Deceptive Fees, 90 Fed. Reg. 2066 (FTC Jan. 10, 2025) [to be codified at 16 C.F.R. §§ 464.1–5] (the "Fee Rule"), RJN Ex. 13. While the FTC had originally proposed a broader rule that could have applied across a number of industries, including rental housing, it ultimately narrowed the scope of the final Fee Rule to just the ticketing and hoteling industries. *See id*. Accordingly, other FTC enforcement actions—and especially those relating to completely unrelated industries—have no relevance here.

Similarly, the Complaint opines on "honest pricing" generally without any reference to Plaintiffs' own experiences with RPM. *Id*. at ¶¶ 37-38, fn. 29. These allegations are not only not essential to Plaintiffs' claims, they are not pertinent to Plaintiffs' causes of action (or the facts that give rise to the causes of action). This "kitchen-sink" approach to pleading should be curtailed and the offending allegations should be stricken from the Complaint. *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1101 (N.D. Cal. 2022) (granting motion strike with regard to an allegation referencing a prior lawsuit, as

"immaterial, impertinent, and ha[ving] no possible bearing on the current litigation.").

Finally, Plaintiffs' reference the Consumers Legal Remedies Act ("CLRA") in their Complaint to argue that California law prohibits "bait-and-switch drip pricing." Compl. ¶¶ 37-39. Plaintiffs, however, do not cite the CLRA as an underlying violation in any of their claims. *See id.* at ¶ 93. Nor can they, as the CLRA does not apply to residential housing. *See Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003) ("The CLRA is also inapplicable to rental agreements."); *Barber v. Ohana Military Cmtys., LLC*, 2015 U.S. Dist. LEXIS 62274, at *10-13 (D. Haw. May 12, 2015) (agreeing residential leases are not transactions for goods or services).

## C.  Random Opinions Are Immaterial And Irrelevant

Third, the Court should strike Plaintiffs' conclusory opinions from the Complaint. Plaintiffs' inclusion of prejudicial comments and opinions without any context or factual basis is inappropriate, and subject to a motion to strike. *See* Compl. ¶¶ 21 ["Drip pricing harms consumers."]; ¶ 30 ["Drip pricing harms honest businesses too."]; ¶ 32 ["Drip pricing thereby harms free and fair competition."]; ¶ 55 ["It gets worse."]. Again, such allegations are not essential to Plaintiffs' claims and they are not pertinent Plaintiffs' causes of action. *Evans Hotels, LLC v. Unite Here! Loc. 30*, 2025 WL 2254068, at *6 (S.D. Cal. Aug. 7, 2025) (*report and recommendation adopted*, 2025 WL 2630515 (S.D. Cal. Sept. 12, 2025)) (granting motion to strike allegations that are "not essential" to the element of plaintiffs' claims).

The Court should strike all of these allegations from the Complaint.

## IV. THE COURT SHOULD STRIKE PLAINTIFFS' PROPOSED CLASS DEFINITION

Even though this case is still at the pleading stage, when it is clear from the pleadings (and exhibits to the pleadings) that Plaintiffs' class allegations are flawed, they should be stricken as a matter of law. *See In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d at 1271; *Lyons v. Bank of Am., N.A.*, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (striking class based on definition that "includes many members who have not been injured[.]"); *Seegert v. Rexall Sundown, Inc.*, 2017 WL 5973414, at *5 (S.D. Cal. Dec. 1, 2017) (granting motion to strike class definition where plaintiffs had failed to show that all members had a valid claim); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145-46 (N.D. Cal. 2010) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial [.]") (internal citation omitted).

Striking a class definition is appropriate if it is clear that the definition includes members that do not have a valid legal claim. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class definition where the class "definition necessarily includes individuals" who clearly did not meet elements required to state a claim against the defendants); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

Here, Plaintiffs propose a putative class consisting of "[a]ll California residents who rented an apartment managed by RPM through RPM's website or after viewing listings on RPM's website at any time between the date four years before this complaint is filed and the date a class certification order is entered in this

action." Compl. ¶ 73.  This definition is impermissibly vague and grossly overbroad.

Plaintiffs' claims (i.e., violation of the California's False Advertising Law ("FAL") and the Unfair Competition Law ("UCL") and unjust enrichment) all hinge on their allegation that a potential applicant could view an advertisement that did not fully disclose the Disputed Fees along with the base rental price of an apartment unit. *See* Compl. ¶ 67-68.  Yet, as drafted, Plaintiffs' proposed class definition includes (i) anyone that rented an apartment through RPM's website, regardless of what they actually viewed or what they relied on when choosing to rent, and (ii) anyone that rented a RPM-managed apartment after viewing a "listing" on any RPM-managed property's website "at any time" in the process.  Such putative class members would therefore include residents that viewed different websites for different properties, different disclosures, or engaged in an entirely different application process; residents who agreed to rent an apartment after viewing all the disclosures and fees associated with a rental (and therefore were not "baited" into anything); and "residents" who are not obligated to pay for any Disputed Fees, or who otherwise do not pay the Disputed Fees (e.g., minor children, spouses, guarantors, employers, etc.), and who should not be included in a class for lack of injury (*see* below).

The Complaint is also void of any allegations regarding the content and disclosures on any website other than the website for the "Radian" apartment community.  *See* Compl. ¶¶ 45-62 (only vaguely referencing the Radian property's website).  This is fatal to Plaintiffs' class definition—which is meant to encompass residents and the websites for other properties in California without any allegations regarding the other properties' websites and what they disclosed (or did not disclose).  As Plaintiffs' proposed class is disconnected from the claims in this lawsuit, such ambiguities create an "impreciseness" and should be not allowed.

*Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("An implied prerequisite to certification is that the class must be sufficiently definite.")

For these reasons, Plaintiffs' proposed class definition (Compl. ¶ 73) is overbroad and unworkable and should be stricken from the Complaint.

## V. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN FOR LACK OF STANDING

Not only is Plaintiffs' proposed class definition improper, but all of their class allegations (*see e.g.,* paragraphs 72-82, and the references to the "Class" in the Prayer for Relief at paragraph A) should be stricken from the Complaint because there is no "reasonable possibility" that Plaintiffs can pursue their claims on a class-wide basis.

The Supreme Court recently clarified that "[e]very class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). To meet the constitutional minimum for standing under Article III, a plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct, and (3) which will be redressed by a favorable decision. *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). The injury in fact must constitute "an invasion of a legally protected interest which is [1] concrete and particularized, and [2] actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 557 (1992) (citations omitted).

Since the *Transunion v. Ramirez* case, courts in the Ninth Circuit have dismissed class action complaints at the pleading stage where the members of the proposed class lack standing. *See I.C. v. Zynga, Inc.,* 600 F. Supp. 3d 1034, 1055 (N.D. Cal. 2022) (granting motion to dismiss with prejudice for lack of subject matter jurisdiction where putative class members could not allege concrete injury in fact); *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1183 (N.D. Cal. 2025) (granting defendant's motion to dismiss where plaintiffs failed to allege concrete

injury or economic harm); *Bradshaw v. Lowe's Companies, Inc.*, 2025 WL 3171740, at *6 (S.D. Cal. Nov. 12, 2025) (same).

Here, Plaintiffs' Complaint does not contain any allegations that members of the proposed Class experienced any concrete or particularized harm attributable to any particular RPM advertisement or website. Instead, the "class allegations" include a conclusory allegation that "all California residents who rented an apartment managed by RPM" through its "website" or after viewing "listings" on its "website" may be "victims" of a "drip pricing" scheme. *See* Compl. ¶¶ 73-77. The only "damages" referenced are vague descriptions of "restitution" and injunctive relief (*id*. at ¶ 76) without any discussion of how putative class members were actually damaged.

However, as noted above, and throughout RPM's Motion to Dismiss, these vague allegations do not convey any particular loss, especially since the Disputed Fees were admittedly disclosed to Plaintiffs before they ever paid anything to RPM—i.e., before ever paying an application fee, a deposit, monthly rent, etc. Compl. ¶ 71; *see also Warth v. Seldin*, 422 U.S. 490, 502 (1975) (named plaintiffs "must allege and show that they *personally have been injured*, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (emphasis added); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

Because the Complaint fails to sufficiently allege an Article III injury, the class action allegations should be stricken from the Complaint.

## VI.   CONCLUSION

For all of these reasons, Defendant respectfully requests that the Court grant its Motion to Strike.

Dated: February 5, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      *s/Mark G. Rackers*
MARK G. RACKERS
Attorneys for Defendant
RPM LIVING, LLC

E-mail: mrackers@sheppard.com

SMRH:4900-9106-4713

-10-   Case No. 3:26-cv-00597-CAB-MMP
DEFENDANT RPM LIVING, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT