

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ESCARENO and JUSTIN MANSOUR, on behalf of themselves and all others similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>RPM LIVING, LLC,<br><br>                                        Defendant. | Case No.: 3:26-cv-597-CAB-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND, [Doc. No. 5]; and**<br><br>**(2) DENYING MOTION TO STRIKE, [Doc. No. 4], AND MOTION TO DISMISS, [Doc. No. 3].** |

On December 24, 2025, Plaintiffs Joe Escareno and Justin Mansour filed a class action against RPM Living, LLC ("RPM" or "Defendant") in the San Diego County Superior Court, alleging that RPM—their apartment management company—violated several California statutes by hiding various "junk fees" until late in the apartment application process.  [*See generally* Doc. No. 1 ("Notice of Removal" or "NOR"), *id.* at Doc. No. 1-2, Exhibit A ("Compl." or "Complaint").]  RPM removed the case to federal court alleging diversity jurisdiction under 28 U.S.C. § 1332(a).  [NOR at 3.]  Now before the Court is Plaintiffs' motion to remand the case back to state court for lack of subject matter jurisdiction.  [Doc. No. 5.]  The motion has been fully briefed and the Court finds it

suitable for determination on the papers submitted and without oral argument.  *See* CivLR 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** the motion to remand.

## I. BACKGROUND

RPM is an apartment management company with residential apartment properties across the country.  [Compl. ¶ 6.]  Both Plaintiffs rented apartments at one of RPM's properties in San Diego.  [*Id.* at ¶ 7.]  Plaintiffs allege that RPM entices renters to begin the application process by advertising a lower rent than the price a renter would ultimately pay after mandatory "junk fees" for things like pest control or liability insurance.  [*Id.* at ¶¶ 6, 67.]  Plaintiffs say that these "junk fees" were "not disclosed until deep in the application process or, worse, until a prospective renter has a copy of the lease agreement in his hands."  [*Id.* at ¶ 6.]  The proposed class is "[a]ll California residents who rented an apartment managed by RPM through RPM's website or after viewing listings on RPM's website" for a specific period.  [*Id.* at ¶ 73.]  The Complaint seeks (1) injunctive relief to stop RPM's deceptive advertising and fee practices and (2) restitution—the amount and kind of which is the subject of dispute in the motion to remand.

RPM removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  RPM's NOR alleged that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  [NOR at 3.]  To reach the requisite amount in controversy, RPM included the "junk fees" and the monthly rent each named Plaintiff paid during their lease period.  Plaintiff Mansour paid at least $1,260 in "junk fees" and $43,200 in rent over a 12-month lease.  [NOR at ¶ 19–20.]  Plaintiff Escareno paid at least $2,205 in "junk fees" and $82,950 in rent over a 21-month lease.  [*Id.*]

## II. LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court would have had original subject matter jurisdiction over that suit.  28 U.S.C. § 1441(a); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977–78 (9th Cir. 2013).  Usually, "[t]he removal statute is strictly construed, and any doubt about the right of

removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

When challenged, a defendant must show by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

## III.   DISCUSSION

The parties do not dispute the citizenship requirement of § 1332(a), and based on the filings, the Court finds that requirement met. The only jurisdictional dispute concerns the amount in controversy and whether Plaintiffs' Complaint should be read to encompass the Plaintiffs' rent because without this amount, the "junk fees" Plaintiffs paid would total only $3,465, far short of the $75,000 required by § 1332(a). As explained below, the Court finds that RPM has not met its burden to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied and so **GRANTS** the motion to remand.

### A.   Plaintiffs' Complaint Did Not Seek A Refund of the Initially Advertised Rent

RPM argues that the inclusion of Plaintiffs' rent in the amount in controversy is warranted because the Complaint alleges that RPM's tactics resulted in "injury in fact and lost money by spending time and money they would not have spent but for [RPM's] misleading drip pricing." [Compl. ¶¶ 89, 94.] Plaintiffs counter that a plain reading of the Complaint does not warrant including the initially advertised rent in the AIC, particularly because the thrust of the litigation is that Plaintiffs were willing to pay the initially advertised price before the addition of "junk fees." [Doc. No. 5-1 at 8.] The Court agrees with Plaintiffs.

Plaintiffs' Complaint is clear that they do not take issue with paying the initially advertised price for their apartments, before any "junk fees" were tacked on. [*E.g.*, Compl. ¶ 68 ("Plaintiffs believed the initially listed rents would be the actual rents they would pay."), ¶ 70 ("Plaintiffs relied on the up-front price in comparing units . . . and in their initial rental decisions.").]  In other words, if Plaintiffs are compensated for the "junk fees" they paid and RPM is prevented from charging such fees moving forward, Plaintiffs will be made whole.  Tellingly, the Court also notes the following question the Complaint asserts is common to the proposed class: "whether Plaintiffs are entitled to restitution of the deceptively extracted junk fees[.]"  [Compl. at ¶ 76(e).]  No similar question is listed with regard to restitution for the initially advertised rent.

### B.    RPM Cannot Assert a New Basis for Removal Jurisdiction

In the event the Court did not find diversity jurisdiction, RPM "requests to modify the Notice of Removal through this Opposition, or seek leave to amend the removal notice, to establish that removal was also proper under CAFA [the Class Action Fairness Act]." [Doc. No. 8 at 10.]  Binding Ninth Circuit precedent prevents this relief:

> A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint.  *See* 28 U.S.C. § 1446(b). The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'

*ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. Univ. of Washington,* 856 F.2d 1375, 1381 (9th Cir. 1988)).

///

///

///

///

///

///

3:26-cv-597-CAB-MMP

## IV.    CONCLUSION

Based on the foregoing, RPM has not met its burden to establish this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).    Plaintiffs' motion to remand is **GRANTED**.  As a result, Plaintiffs' motion to dismiss, [Doc. No. 3], and RPM's motion to strike portions of Plaintiffs' Complaint, [Doc. No. 4], are **DENIED**.

It is **SO ORDERED.**

Dated: April 16, 2026

Hon. Cathy Ann Bencivengo
United States District Judge